UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23082-ALTMAN/Reid

**AMERLINE GILOT,**

    *Plaintiff*,

v.

**GREEN CROSS HOME CARE SERVICES,
INC** *and* **ALINE E. LA FORTUNE,**

    *Defendants.*

_____/

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

The Plaintiff filed a Motion for Attorney's Fees and Costs (the "Motion") [ECF No. 15]. The Defendants—who never appeared in this case and against whom we've entered default final judgment, *see* Final Judgment [ECF No. 13]—did not respond, *see generally* Docket. In the Motion, the Plaintiff requests $4,037.50 in attorney's fees and $487.00 in costs. *See* Motion at 4. We've reviewed the Motion, the Plaintiff's Amended Declaration ("Norell Decl.") [ECF No. 17-1], and the relevant law, and we find that the Plaintiff is entitled to recover the fees and costs she's requested.

Under the Fair Labor Standards Act, a prevailing party is entitled to recover reasonable attorney's fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). As a result of the default in this case, the Plaintiff has benefitted from "a material alteration of the legal relationship of the parties" and, thus, is the prevailing party. *See Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). "[A] reasonable

attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

*First*, we find the hourly rate in this case to be reasonable. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). The Plaintiff's lawyer, Robert Norell—who has 29 years of experience in employment law and has litigated more than 450 FLSA cases—charges $425.00 per hour. *See* Norell Decl. ¶ 5. In the Southern District of Florida, $425.00 is a reasonable hourly rate for a lawyer with Mr. Norell's level of experience. *See, e.g.*, *Araujo v. C.R.C. Car Rental Inc.*, 2017 WL 3382315, at *1 (S.D. Fla. Aug. 4, 2017) (Altonaga, J.) (finding $395 per hour reasonable for a lawyer with 17 years of experience); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (Dimitrouleas, J.) (finding $450 per hour reasonable for two lawyers with 10 and 25 years of experience). And we agree with our colleagues that these rates are reasonable. *Second*, we've carefully reviewed each entry in the submitted billing records, and we find that the hours Mr. Norell claims are recoverable. So, the total amount of recoverable fees is $4,037.50

The Plaintiff also seeks to recover $487.00 in costs—specifically, for filing and process-server fees, which we also find reasonable. See Norell Decl. at 6 (listing the filing fee and two service-of-process fees); *see also* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *Hursey v. Bunches Direct USA, Inc.*, 2020 WL 13379282, at *7 (S.D. Fla. Aug. 3, 2020) (Moore, C.J.) (finding that "filing fees to the court ($400.00) and $63.10 in service charges" were both recoverable).

Since we're satisfied that the Plaintiff's fees and costs are all reasonable—and that she's entitled to recover them under 29 U.S.C. § 216(b)—we now **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion for Attorney's Fees [ECF No. 15] is **GRANTED**.

2. The Plaintiff shall be awarded attorney's fees and litigation costs in the amount of **$4,524.50**, for which sum let execution now issue.

**DONE AND ORDERED** in the Southern District of Florida on March 30, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**